UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MASTERWORKS FINE ART, INC.　　　　Case No. 02-CIV-

　　　　　Plaintiff,　　　　　　　　　COMPLAINT

-against-　　　　　　　　　　　CV 02 3664

JOHN RE,　　　　　　　　　　　　SPATT, J.

　　　　　Defendant.　　　　　　　　BOYLE, M.J.

---

Plaintiff, by its attorneys, Law Offices of Andrew L. Liput, P.C., complaining of the defendant, respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is an action by a California corporation seeking damages against a New York resident for breach of contract, misrepresentation, conversion and business defamation, arising out of an agreement to sell certain works of fine art over the Internet, amounting to $43,500.00 in out of pocket damages, plus interest, a disgorgement of any profits from the re-sale of the artwork in question, damages for defamation to be determined but no less than $250,000.00 and allowable court costs and fees.

### JURISDICTION

2. The jurisdiction of the Court is invoked pursuant to Title 28 of the United States Code, Section 1391, on the basis of diversity of citizenship, whereas plaintiff is a citizen of the State of California, and defendant is a citizen of the State of New York.

### VENUE

3. As the defendant resides in Suffolk County, the State of New York and the artwork in

question was last located in defendant's possession and control in New York, this action is properly brought in this district.

## THE PARTIES

4. At all times hereinafter mentioned, plaintiff Masterworks Fine Art, Inc. (MASTERWORKS) was and is a California corporation duly formed and existing under the laws of California and having an address for business at 43 Arlington Avenue, Kensington, California 94707

5. Upon information and belief, at all times hereinafter mentioned, defendant John Re (RE), was and is an individual engaged in the business of selling fine art and having an address of residence and for business at 16A Wireless Road, East Hampton, Suffolk County, New York.

6. At all times hereinafter mention, defendant was engaged in the business of selling fine art on the Internet through the web site www.Ebay.com under the seller's name "johnnygift77@hotmail.com".

## THE FACTS

9. On or about May 19, 2002 and May 21, 2002, respectively, RE placed two (2) auctions on Ebay offering for sale a "100% Guaranteed Authentic Van Gogh" drawing for sale ("VAN GOGH"), Item No. 873669500, and also a "Picasso Book with 3 Drawings and 4 Signatures" for sale ("PICASSO"), Item 10. No. 874472957.

10. On or about May 25, 2002, RE offered the VAN GOGH at $35,000.00 and the PICASSO at $8,500.00 for direct sale to MASTERWORKS outside of Ebay for a total sales price of $43,500.00.

11. On May 28, 2002, MASTERWORKS sent RE its bank check for $33,500.00, and also sent two (2) Pay Pal Internet auction payments of $5,000.00 each two days earlier, on May

26, 2002, and these payments were received and acknowledged by RE.

12. At all times RE represented and warranted that the VAN GOGH and PICASSO were genuine, were sold with evidence of provenance and authenticity, and could be returned for a full and complete refund after a reasonable period of examination.

13. On June 1, 2002 the PICASSO and VAN GOGH were delivered to MASTERWORKS for their review and approval.

14. On June 1, 2002, MASTERWORKS contacted RE and advised that (a) the VAN GOGH had arrived damaged in that the glass hat broken in transit and there appeared a soft crease across the lower right portion of the art work, (b) that it arrived without the promised paperwork, and (c) that both items would be submitted to a qualified museum for examination of authenticity.

15. On June 2, 2002, MASTERWORKS advised RE that they wished to return the VAN GOGH due to questionable authenticity, and that they wished to keep the PICASSO, however RE demanded that both works and all original paperwork be returned for a full refund.

16. On June 3, 2002, MASTERWORKS returned the VAN GOGH and PICASSO to RE via Federal Express, Tracking No. 790537129581, and RE acknowledged receipt of same.

17. Thereafter, RE began a series of threatening communications with MASTERWORKS falsely claiming, alternately, that the items were damaged, were duplicated and forged copies, and that at least one would be re-sold on Ebay. In fact the PICASSO was later placed for sale on Ebay on June 5, 2002, Item No. 881272323.

18. Despite repeated demands for the return of its money, RE has heretofore failed and refused to return same.

**AS AND FOR A CLAIM FOR BREACH OF CONTRACT**

19. Plaintiff, MASTERWORKS, repeats and realleges the statements and allegations set forth in paragraphs 1 through 18 above as if more fully set forth herein.

20. Defendant, RE, breached the sales contract between the parties by failing and refusing to return the purchase price paid to him for the VAN GOGH and PICASSO after the works were returned.

### AS AND FOR A CLAIM OF FRAUD AND MISREPRESENTATION

21. Plaintiff, MASTERWORKS, repeats and realleges the statements and allegations set forth in paragraphs 1 through 20 above as if more fully set forth herein.

22. Between May 25, 2002 and June 3, 2002, Defendant, RE, repeatedly advised plaintiff that the VAN GOGH and PICASSO were "100% Genuine", came with "provenance and documentation" and could be "returned for a full and complete refund" if he was unsatisfied after a reasonable time to inspect each item.

23. MASTERWORKS reasonably relied upon the statements of the defendant in completing the transaction, to its detriment.

### AS AND FOR A CLAIM OF CONVERSION

24. Plaintiff, MASTERWORKS, repeats and realleges the statements and allegations set forth in paragraphs 1 through 23 above as if more fully set forth herein.

25. Defendant, RE has converted the purchase price of $43,500.00 paid by plaintiff to defendant on May 26 and May 28, 2002.

### AS AND FOR A CLAIM OF BUSINESS DEFAMATION

26. Plaintiff, MASTERWORKS, repeats and realleges the statements and allegations set forth in paragraphs 1 through 25 above as if more fully set forth herein.

27. Between June 3, 2002 and the present, defendant RE has published written

statements via email, and upon information and belief, has also engaged in verbal conversations with employees of MASTERWORKS, Ebay and Pay Pal, in which he has stated that plaintiff and its owner are "thieves," "sell fakes", engage in "scams", sell "B.S. drawings", sell "forgeries", sell "crap drawings", and are being "investigated by the FBI," all of which defendant knew were false, and were designed to cause harm to plaintiff's business reputation.

28. These statements were wilfully made, with intention to harm or without regard to their harm to plaintiff's business reputation, and have caused harm to plaintiff's business.

### AS AND FOR A PRAYER FOR RELIEF

WHEREFORE, the plaintiff, MASTERWORKS demands judgment against defendant RE as follows:

1. On the First Claim: the sum of $43,500.00 with interest;

2. On the Second Claim: the sum of $43,500.00 with interest;

3. On the Third Claim: the sum of $43,500.00 with interest;

4. On the Fourth Claim: a sum to be determined at trial, but no less than $250,000.00; and

5. As to All Claims: courts costs, attorneys fees, disgorgement of profits from the sale of the VAN GOGH or PICASSO to third parties, and such other and further relief as the Court deems fair, just and equitable.

Dated: June 12, 2002
      Huntington, NY

 

**Andrew L. Liput (ALL/6150)**
**Attorney for Plaintiff**
**Law Offices of Andrew L. Liput P.C.**
790 New York Avenue, Suite 102
Huntington, NY 11743
(631) 425 0129